UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**FILED**
2008 JUL 25  AM 10: 14
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

'08 MJ 2260

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Case No._____ |
| Plaintiff, | COMPLAINT FOR VIOLATION OF |
| v. | Title 8, U.S.C., Section 1326 |
| Hector Manuel VALDEZ-Rojas | Attempted Entry After Deportation |
| Defendant | |

The undersigned complainant being duly sworn states:

On or about **July 23, 2008**, within the Southern District of California, defendant **Hector Manuel VALDEZ-Rojas**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

_____
SIGNATURE OF COMPLAINANT
Alfredo Loperena, Enforcement Officer
U.S. Customs and Border Protection

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE THIS 25th DAY OF **July, 2008**.

_____
UNITED STATES MAGISTRATE JUDGE



## PROBABLE CAUSE STATEMENT

On July 23, 2008, at approximately 1759 hours, an adult male, later identified as **Hector Manuel VALDEZ-Rojas (Defendant)** attempted to enter the United States at the San Ysidro Port of Entry vehicle primary lanes as a passenger in a Honda Civic. Defendant presented a Legal Permanent Resident Card not legally issued to him. The primary Customs and Border Protection (CBP) officer suspected that the Defendant was an imposter and elected to escort the vehicle and it's occupants into secondary.

During secondary inspection, a CBP Officer queried Defendant's fingerprints in the Integrated Automated Fingerprint Identification System (IAFIS) and Automated Biometric Identification System (IDENT). The officer received a positive match, confirming Defendant's identity and linking him to FBI and Immigration Service records.

Immigration records indicate that Defendant is a citizen of Mexico, without any rights or entitlements to either; enter, pass through, or reside in the United States.

Further queries in the Central Index System (CIS) and the Deportable Alien Control System (DACS) confirmed that on or about January 31, 2005, Defendant was ordered removed from the United States to Mexico by an Immigration Judge. Immigration records indicate the Defendant has neither applied for nor received permission to legally reenter the United States from the United States Attorney General or the Secretary of Homeland Security.

During a videotape proceeding, Defendant was advised of his Miranda rights and elected to submit to questioning without benefit to counsel. Defendant stated that he was aware that he was deported by an Immigration Judge in the year 2005 and was instructed that he could not return to the United States without authorization. Defendant stated that he did knowingly present an immigration document that was not legally issued to him. Defendant stated that he was to pay a fee of $3,000.00 USD to be smuggled into the United States on this occasion. Defendant stated if he was successful in crossing the border he was going to travel to San Francisco, California to work and live. Defendant further stated that he has not applied nor received legal authorization to re-enter the United States.